UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No.: 2:12-cr-173 |
| ) | |
| JOHN PATRICK McGRANN, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The Court considers here whether a United States Magistrate Judge in conducting a hearing pursuant to Federal Rule of Criminal Procedure 11 and after accepting a defendant's guilty plea is required under 18 U.S.C. § 3143(a) to order the defendant's immediate detention.[1] The undersigned United States Magistrate Judge answers this question affirmatively and ORDERS the Defendant be detained until sentencing.

### I. FACTUAL AND PROCEDURAL BACKGROUND

An indictment was filed on November 19, 2012, charging the Defendant, John Patrick McGrann ("McGrann"), with one count of conspiring to distribute and possess with the intent to distribute methamphetamine, cocaine, and heroin in violation of 21 U.S.C. § 846 and three counts of possessing with the intent to distribute methamphetamine, cocaine, and heroin in

---

[1] This inquiry only pertains to felony cases. There is little doubt that, if appropriate, a magistrate judge may detain a defendant under 18 U.S.C. § 3143(a) in misdemeanor or petty offense cases because the use of the term "judicial officer" in that provision clearly applies to magistrate judges. *See* 18 U.S.C. § 3156(a)(1) ("the term 'judicial officer' means, unless otherwise indicated, any person or court authorized pursuant to section 3041 of this title, or the Federal Rules of Criminal Procedure, to detain or release a person before trial or sentencing or pending appeal in a court of the United States, and any judge of the Superior Court of the District of Columbia"); *United States v. Goforth*, 546 F.3d 712, 715 (4th Cir. 2008) (finding a district judge qualifies as a "judicial officer").

This question also presumes the defendant was released on bond prior to pleading guilty and that he complied with the terms and conditions of his bond.

violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)-(C).[2] An arrest warrant was issued that day, and McGrann was arrested on December 20, 2012. The Court conducted an initial appearance on December 20, 2012, and McGrann, appearing with counsel, was advised of his rights, including his right to counsel, and the charges against him. On the Government's motion, the Court ordered he be temporarily detained until his detention hearing. On December 28, 2012, McGrann appeared with counsel for a detention hearing, wherein the Court denied the Government's motion for detention and ordered he be released on a $25,000.00 unsecured bond and certain conditions. On January 2, 2013, McGrann appeared with counsel for an arraignment, wherein he waived formal arraignment, pled not guilty, and demanded a jury trial. He was released on the same conditions as his prior bond.

After being advised of McGrann's wish to plead guilty, the Chief United States District Judge of this District, on February 13, 2013, authorized the undersigned United States Magistrate Judge "with the consent of [McGrann], to conduct the proceedings required by Federal Rule of Criminal Procedure 11 incident to the making of the plea."[3] ECF No. 21 at 1 (citing 28 U.S.C. § 636(b)(1); *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997)). On February 20, 2013, and pursuant to a plea agreement, McGrann appeared with counsel before the undersigned to plead guilty to the first count of the indictment—conspiring to distribute and possess with the intent to distribute methamphetamine, cocaine, and heroin—which carries a mandatory minimum prison sentence of five years, a maximum prison sentence of forty years, a maximum fine of $5,000,000.00, a $100.00 special assessment, and at least four years of supervised release. McGrann executed a consent form authorizing the undersigned to conduct the Rule 11 hearing

---

[2] The indictment also contains a forfeiture provision in accordance with 21 U.S.C. § 853.
[3] Pursuant to the Chief Judge's order, "If, after conducting such proceedings, the Magistrate Judge accepts the plea of guilty and the associated plea agreement ... the District Judge will adjudicate guilt at the sentencing hearing and will determine and impose sentence." ECF No. 21 at 1.

2

and reiterated that consent on the record. After questioning him at length regarding his guilty plea, the undersigned accepted the plea and entered an order to that effect.

Because McGrann pleaded guilty to "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)," 18 U.S.C. § 3142(f)(1)(C), the undersigned ordered his immediate detention under 18 U.S.C. § 3143(a)(2).[4] Although the Government did not move for detention,[5] the Court finds nothing in the language of § 3143(a) requires the filing of such motion; in fact, the title of the act from which this section derives—the *Mandatory* Detention Act of 1990—supports this finding and leaves no room for judicial discretion to the extent certain exceptions are not met. 18 U.S.C. § 3143(a)(1) ("the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence ... be detained") (emphasis added); *id.* § 3143(a)(2) ("The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained") (emphasis added); *United States v. Georgiou*, No. 09-88, 2010 WL 701892, at *1 (E.D. Pa. Mar. 1, 2010) ("Moreover, "[t]he statute's mandatory language ... leaves no room for judicial discretion.") (citation omitted). However, McGrann's counsel argued that § 3143(a) does not apply here because by conducting a Rule 11 hearing and accepting a defendant's guilty plea a magistrate judge does not "find" the defendant guilty in accordance with the provision; rather, that responsibility lies with the district court, who also determines whether § 3143(a) applies and

---

[4] The exceptions to immediate detention under 18 U.S.C. § 3143(a)(2)(A) do not apply here. First, no argument was presented to support a finding of "a substantial likelihood that a motion for acquittal or new trial will be granted." 18 U.S.C. § 3143(a)(2)(A)(i). Second, the Government did not "recommend[] that no sentence of imprisonment [will] be imposed on" McGrann. *Id.* § 3143(a)(2)(A)(ii). Section 3143(a)(2)(B), therefore, is irrelevant.

[5] It was reported to the Court that McGrann had complied with the terms and conditions of his release on bond in all respects.

3

whether to detain the defendant until sentencing. The Court disagrees and in so doing follows the reasoning of the Western District of North Carolina, which has held that a guilty plea before a magistrate judge "is binding such that [a] [d]efendant has been 'found guilty' pursuant to 18 U.S.C. § 3142(a)(2)."[6] *United States v. Moffitt*, 527 F. Supp. 2d 474, 478 (W.D.N.C. 2006) (footnote omitted).

## II. ANALYSIS

Again, the question before the Court is whether a magistrate judge in conducting a Rule 11 hearing and after accepting a defendant's guilty plea is required under 18 U.S.C. § 3143(a) to order the defendant's immediate detention.

The Court begins its analysis with *United States v. Breedlove*, 7 F. App'x 268 (4th Cir. 2001), an unpublished *per curiam* opinion.[7] In *Breedlove*, a defendant pleaded guilty before a magistrate judge to conspiring to possess with the intent to distribute Diluadid. The magistrate judge recommended accepting the defendant's plea but deferred acceptance of the plea and plea agreement to the district court. Between these events, the defendant moved to withdraw his plea, but the district court denied the motion. The defendant appealed, and the Fourth Circuit affirmed in part and dismissed in part, holding that because the defendant "consented to have the magistrate judge preside over his Rule 11 hearing and tendered his plea at that time, the magistrate judge's recommendation to accept his plea [was] binding." *Id.* at 269 (citations omitted). Similar facts present themselves in *United States v. Gibson*, No. 99-4917, 2000 WL 962513, 217 F.3d 841 (4th Cir. 2000) (*per curiam* table decision), where a defendant moved to withdraw his guilty plea after a magistrate judge recommended it be accepted but before the district court accepted it. The district court denied the motion, and, on appeal, the Fourth Circuit

---

[6] Although a case from the Western District of North Carolina is not binding on this Court, it is persuasive, especially given that, to the undersigned's knowledge, this District has not addressed the issue.

[7] Like an opinion from another District, an unpublished Fourth Circuit's opinion is only persuasive, it is not binding.

affirmed, holding, as it did in *Breedlove*, that given the defendant "consented to the magistrate judge's presiding over the Rule 11 hearing at which time [the defendant] tendered his plea, ... the magistrate judge's acceptance of the plea [was] equally binding." *Id.* at *1; *see United States v. Benton*, 523 F.3d 424, 432-33 (4th Cir. 2008) ("In cases where a defendant withdraws his plea for no reason, the proceedings before the magistrate judge will have been rendered a nullity-a complete waste of judicial resources. In fact, making Rule 11 hearings non-binding may encourage defendants to use magistrate-led colloquies as go-throughs in order to gauge whether they may later experience 'buyer's remorse.'").

The first substantive discussion of this issue in this Circuit is District Judge Thornburg's opinion in *United States v. Luisa*, 266 F. Supp. 2d 440 (W.D.N.C. June 9, 2003). Like the defendants in *Breedlove* and *Gibson*, the defendant in *Luisa* wished to plead guilty and consented to having his plea heard and accepted by a magistrate judge. The magistrate judge conducted a Rule 11 hearing in which the defendant and his counsel endorsed a form titled "Entry and Acceptance of Guilty Plea (Rule 11 proceeding)." The magistrate judge accepted the plea and endorsed the preceding form. Approximately two months later, the magistrate judge, after hearing argument as to whether the defendant should be released until sentencing,[8] held, *inter alia*, "that the Defendant was not yet convicted of any crime" and, "as a result, the standard to be applied was whether there had been a change in circumstances sufficient to satisfy the Court that the Defendant was no longer a danger to the community or a risk of flight." *Id.* at 444 (citation omitted). In light of this standard and after finding "that there ha[d] been a significant change in circumstances," the magistrate judge released the defendant on a $100,000.00 bond and certain

---

[8] The defendant had been detained until this time.

5

conditions.[9] *Id.* at 445 (citation omitted). The Government appealed to the district court, which reversed.

Defendant's counsel in *Luisa* presented the same arguments that defense counsel in this case presents. Specifically, defendant's counsel argued that pleading guilty before a magistrate judge "is not a final determination of guilt because [the magistrate judge] is merely [making] a recommendation that the District Court accept the finding of guilty." *Id.* For this reason, defendant's counsel asserted his client had not been "found guilty" for 18 U.S.C. § 3143(a) to apply. *Id.* Contrary to these arguments, the district court held that "the use within § 3143(a)(2) of the phrases 'a person who has been found guilty' and who 'is awaiting imposition' of sentence clearly includes a defendant who has entered a guilty plea but who has not yet been sentenced. Otherwise, the language of the statute would be meaningless." *Id.* at 446 (citing *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) ("As in all statutory construction cases, we begin with the language of the statute. The first step is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. The inquiry ceases if the statutory language is unambiguous and the statutory scheme is coherent and consistent.") (citation and internal quotation marks omitted)).

In the most recent discussion of this issue in this Circuit, District Judge Whitney from the Western District of North Carolina, in *Moffitt*, following and applying the Fourth Circuit's reasoning in *Breedlove* and *Gibson* as well as District Judge Thornburg's holding in *Luisa*,[10] found that the "Defendant's guilty plea before Magistrate Judge Horn in this case[, which had been accepted by the magistrate judge,] [was] binding such that Defendant [had] been 'found

---

[9] The magistrate judge explicitly did not "tak[e] the position that a guilty plea is a change of circumstances." *United States v. Luisa*, 266 F. Supp. 2d 440, 445 (W.D.N.C. 2003) (citation omitted).
[10] Judge Whitney also followed *United States v. Horne*, 3:04-cr-213 (W.D.N.C. Nov. 1, 2005) (oral order), in which "the court ruled the defendant's plea before the magistrate judge was accepted, was binding, and triggered the scrutiny set forth in 18 U.S.C. § 3143." *United States v. Moffitt*, 527 F. Supp. 2d 474, 478 (W.D.N.C. 2006).

guilty' pursuant to 18 U.S.C. § 3143(a)(2)." *Moffitt*, 527 F. Supp. 2d at 478 (footnote omitted). The Court perceives of no reason why it should depart from this logic.

Here, as in *Moffitt*, McGrann wished to plead guilty and consented to the undersigned Magistrate Judge conducting a Rule 11 hearing[11] in which he knowingly and voluntarily pleaded guilty. The undersigned accepted the plea on behalf of the district court and entered an order to that effect.[12] During the Rule 11 hearing, the undersigned asked McGrann, "Did you execute this Consent, authorizing me to take and accept your guilty plea to the criminal charge[] pending against you?," to which he responded affirmatively. Accordingly, McGrann's guilty plea before the undersigned is binding such that, upon the acceptance of his plea, McGrann has been "found guilty" pursuant to 18 U.S.C. § 3143(a)(2), and his immediate detention is required under this section. The case law in this Circuit, albeit limited, also supports this approach. For example, between 2007 and today, approximately sixteen cases, excluding the ones that have already been mentioned and originating from the Western District of North Carolina, reinforce a magistrate judge's authority, upon accepting a defendant's guilty plea, to detain the defendant under § 3142(a). *See, e.g., United States v. Bird*, No. 2:12-cr-00006-MR-DLH, 2013 WL 300823 (W.D.N.C. Jan. 25, 2013); *United States v. Burris*, No. 1:07CR76, 2007 WL 3232539 (W.D.N.C.

---

[11] The standard "Consent" form, which was signed by McGrann, his counsel, and the Government, contains the following language:
> I hereby declare my intention to enter a plea of guilty in the above case, and I request and consent to the United States Magistrate Judge conducting the proceedings required by Federal Rule of Criminal Procedure 11, incident to the making of such plea. I understand that if my plea of guilty is accepted by the United States District Judge, the United States District Judge will decide whether to accept or reject any plea agreement I may have with the United States of America, and will adjudicate guilt and impose sentence.

[12] The "Order Accepting Plea of Guilty," which was signed by the undersigned, contains the following language with added emphasis:
> The Defendant, by counsel, has appeared before the Court pursuant to Federal Rule of Criminal Procedure 11, and referred from Chief United States District Judge Smith, and has entered a plea of guilty to Count 1 of the Indictment. After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, the Court determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact establishing each of the essential elements of such offense. *The Court therefore accepts the plea of guilty and the plea agreement.*

Oct. 31, 2007). Other districts, however, have reached the opposite conclusion. *See United States v. Lewis*, No. 12-60011-CR, 2013 WL 140412, at *1 (S.D. Fla. Jan. 11, 2013) ("While it is true that Jackson was not remanded upon entering his guilty plea, that is because the plea was taken by a magistrate judge, so no conviction could result until the Court adopted the magistrate judge's report and recommendation. Now that the Court has done so, the Court will set a hearing regarding whether Jackson satisfies the statutory standard under Section 3143(a)(2) allowing for release pending sentencing.") (citations omitted); *United States v. Yanni*, No. CR-09-1363-PHX-NVW (LOA), 2010 WL 3522271, at *6 (D. Ariz. Sept. 2, 2010) ("The Court has found no authority suggesting that the phrase 'found guilty' in § 3143(a) means something other than convicted. In this case, Defendant has only tendered his pleas of guilty, and the undersigned has recommended that the 'pleas of guilty' 'be accepted.' The undersigned did not make a specific finding of guilt, but rather, made a recommendation that Defendant be found guilty and that the assigned District Judge accept the guilty pleas and find Defendant guilty.") (citations omitted); *United States v. Fisher*, 587 F. Supp. 2d 635, 636 (S.D.N.Y. 2008) ("[I]ndeed, after a defendant has allocuted at a guilty plea, a court must still make a specific finding (as the Court did) that guilt has been established."); *United States v. Arias*, No. 1:07-CR-285-02, 2008 WL 901409, at *1 (W.D. Mich. Apr. 1, 2008) (approving and adopting magistrate judge's report and recommendation, adjudicating defendant guilty, and revoking defendant's bond under 18 U.S.C. § 3143(a)); *United States v. Norfleet*, 185 F. Supp. 2d 315, 319 (S.D.N.Y. 2002) ("I conclude that a felony plea allocution taken before a United States Magistrate Judge results only in a recommendation that the assigned District Judge should accept the plea as transcribed, and should then find the defendant guilty of the offense or offenses to which a guilty plea has been offered. This is not a finding of guilt as required in order for the provisions of Title 18, United

8

States Code, Section 3143 to apply.") (footnote omitted). Despite the contrary position taken by these districts, practical concerns also warrant the approach taken here.

The Federal Magistrates Act of 1968, which has been interpreted by the Fourth Circuit to authorize magistrate judges to conduct Rule 11 hearings if the district court so directs and if the parties consent, *see United States v. Osborne*, 345 F.3d 281, 285 (4th Cir. 2003), was passed in part "to ease the rapidly increasing and 'overwhelming caseload' burden of many district courts." *Benton*, 523 F.3d at 429 (quoting *United States v. Khan*, 774 F. Supp. 748, 750 (E.D.N.Y. 1991)). If a defendant's guilty plea, although accepted by a magistrate judge, is not binding such that the defendant has not been "found guilty" pursuant to 18 U.S.C. § 3143(a), then the purpose of the Federal Magistrates Act will be thwarted. For example, district judges may decline to direct magistrate judges to conduct Rule 11 hearings if magistrate judges are not authorized under § 3143(a) to detain defendants who plead guilty. "[S]uch a[n] [approach] would only exacerbate the docket tensions already felt by district courts-the very tensions that led to the creation of the office of magistrate judge." *Id.* at 433. Moreover, the absence of such authority will promote judge shopping as between district and magistrate judges. Hypothetically speaking, a defendant, who has been released on bond and has complied with the terms and conditions of his bond, may prefer not to plead guilty before a district judge on the chance he may remain free on bond because a magistrate judge is precluded from detaining him under § 3143(a). The defendant is effectively taking advantage of the considerable amount of time that typically lapses between when he pleads guilty before a magistrate judge and when he is sentenced by a district judge.

Such an approach also contravenes the purpose of the Mandatory Detention Act, which was intended, in part, "to prevent violent criminals and drug offenders from causing harm to the

community on release pending" sentencing. *United States v. Koon*, 6 F.3d 561, 566 (9th Cir. 1993) (Reinhardt, J., dissenting). The purpose and intent of this Act may not be fulfilled if a magistrate judge, by accepting the guilty plea of a defendant who may be a drug offender or violent criminal on bond, cannot revoke the defendant's bond and order his detention under § 3143(a), absent a showing that the defendant has violated the terms and conditions of his bond. Otherwise, the magistrate judge will be releasing a self-admitted drug offender, such as McGrann, or violent criminal into the community until the district court is able to "find" the defendant guilty and order his detention.

### III. CONCLUSION

For these reasons, the undersigned United States Magistrate Judge, after accepting McGrann's guilty plea, ORDERS he be detained pursuant to 18 U.S.C. § 3143(a) until sentencing.

The Clerk is DIRECTED to forward a copy of this Opinion and Order to all counsel of record.

It is so ORDERED.

/s/ Lawrence R. Leonard
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
February 22, 2013